UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WENDY LAURA KERNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-CV-265-DCP |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 17]. Now before the Court are Plaintiff's Motion for Summary Judgment [Doc. 18] and Defendant's Motion for Summary Judgment [Doc. 22]. Wendy Laura Kerns ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Kilolo Kijakazi ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

**I.     PROCEDURAL HISTORY**

On August 30, 2018, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, claiming a period of disability that began on June 13, 2018 [Tr. 19, 78, 197–204]. After her application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ [Tr. 114–15]. A telephonic hearing

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

was held on May 29, 2020 [Tr. 19, 38–61].  On June 17, 2020, the ALJ found that Plaintiff was not disabled [Tr. 16–31].  The Appeals Council denied Plaintiff's request for review on October 30, 2020 [Tr. 1–3], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on December 29, 2020, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1].  The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.
>
> 2.  The claimant has not engaged in substantial gainful activity since June 13, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments:  degenerative disc disease; arthritis; degenerative joint disease; depression; and anxiety (20 CFR 404.1520(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can climb ramps or stairs occasionally, can never climb ladders, ropes, or scaffolds, and can balance, stoop, kneel, crouch, and crawl occasionally; should not be exposed to unprotected heights, moving mechanical parts, or other workplace hazards; can have occasional exposure to extreme cold, humidity, or outdoor wetness; can perform simple tasks with customary breaks; and can have no interaction with the general public and frequent interaction with co-workers and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on December 4, 1971 and was 46 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 13, 2018, through the date of this decision (20 CFR 404.1520(g)).

[Tr. 21–31].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

3

Case 2:20-cv-00265-DCP   Document 25   Filed 04/13/22   Page 3 of 16   PageID #: 669

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court recently explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. DISABILITY ELIGIBILITY

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§ 423(d)(2)(A).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is

"based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4) and -(e). An RFC is the most a claimant can do despite his limitations. § 404.1545(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V.  ANALYSIS

Plaintiff contends that the ALJ's decision lacks the support of substantial evidence. Specifically, Plaintiff argues that the ALJ erred at step five when evaluating Plaintiff's alleged disabilities because the ALJ failed to properly evaluate the opinion of treating physician Bryan Arnette, M.D. ("Dr. Arnette"), the opinion of consultative psychological examiner Kristin L. Grant, Psy.D. ("Dr. Grant"), and the prior administrative medical findings of state agency psychological consultant Edward Sachs, Ph.D. ("Dr. Sachs"). Plaintiff claims that these three opinions support a finding that Plaintiff is more disabled that what the ALJ determined. Plaintiff therefore requests that the Court reverse the final decision of the Commissioner and enter an immediate award of benefits for Plaintiff. Alternatively, Plaintiff requests that her case be remanded for further proceedings and proper adjudication. The Commissioner maintains that the ALJ's evaluation of the opinion evidence was appropriate and is supported by substantial evidence. Furthermore, the Commissioner asserts that substantial evidence also supports the ALJ's RFC finding. Thus, the Commissioner requests for the Court to affirm her final decision.

As a threshold matter, because Plaintiff's claim was filed after March 27, 2017, the Social Security Administration's ("SSA") new regulations for evaluation of medical opinion evidence apply to this claim. *See Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Under the new revised regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative findings, including those from your medical sources." 20 C.F.R. § 404.1520c(a). The Commissioner will "evaluate the persuasiveness" of all medical opinions and prior administrative medical findings using the following factors: 1) supportability; 2) consistency; 3) the source's relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; 4) the source's specialized area of practice; and 5) other factors that would tend to support or contradict a medical opinion, including but not limited to evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of the agency's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520(a), (c)(1)–(5). However, supportability and consistency are the most important factors. 20 C.F.R. § 404.1520c(b)(2).

Moreover, the revised regulations have set forth new articulation requirements for the ALJs in their consideration of medical opinions, stating:

> **(1) Source-level articulation.** Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record. Instead, when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior

7

administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually;

**(2) Most important factors.** The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record;

**(3) Equally persuasive medical opinions or prior administrative medical findings about the same issue.** When we find that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported (paragraph (c)(1) of this section) and consistent with the record (paragraph (c)(2) of this section) but are not exactly the same, we will articulate how we considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section for those medical opinions or prior administrative medical findings in your determination or decision.

20 C.F.R. § 404.1520c(b)(1)–(3) (emphasis added); *see, e.g.*, *Kilgore v. Saul*, No. 1:19-cv-168-DCP, 2021 WL 932019, at *11 (E.D. Tenn. Mar. 11, 2021). Guided by these provisions in its analysis, the Court now turns to the respective opinions and prior administrative medical findings.

A.  Dr. Arnette's Opinion

Plaintiff asserts the ALJ did not properly evaluate Dr. Arnette's treating source opinion. Plaintiff argues Dr. Arnette stated on multiple occasions Plaintiff was unable to work and unable to maintain gainful employment [Doc. 19 at 13 (citing [Tr. 29, 519, 524, 542, 555])]. Plaintiff claims Dr. Arnette opined to specific areas of limitations to support his belief that Plaintiff lacked the ability to work, including Plaintiff's inability to sit or stand for prolonged periods, her need to change positions frequently, her inability to lift greater than 10 pounds, and her inability to climb,

8

stoop, kneel, or crawl [*Id.* (citing [Tr. 30 & 544])]. Plaintiff argues the ALJ has failed to properly evaluate Dr. Arnett's opinions consistent with the § 404.1520c factors detailed above. Specifically, Plaintiff takes issue with the ALJ's rejection of Dr. Arnette's opinion that Plaintiff is unable to work. Plaintiff states the ALJ rejected Dr. Arnette's opinion because it seemed to be based predominately on Plaintiff's subjective complaints and, in any case, did not qualify as an opinion as that term is defined in the SSA's rules and regulations.

In his decision, the ALJ provided a narrative of Dr. Arnette's findings and interactions with Plaintiff. The ALJ first notes that Dr. Arnette has seen Plaintiff since at least June 2017 [Tr. 24 & 458]. As to Dr. Arnette's findings related to Plaintiff's physical condition, the ALJ related:

> [Dr. Arnette] noted that [Plaintiff] had neck pain that radiated to the shoulders and low back pain that radiated to the left hip/lower limb. [Dr. Arnette's] examinations showed cervical spine pain to palpation, range of motion caused pain to the shoulders, upper back had pain to palpation, lumbar spine had pain to palpation, and straight leg raise positive for pain radiating down the lower limbs, but that sensation was intact. An MRI of the cervical spine dated August 30, 2018 showed interval anterior cervical discectomy and fusion C5-6 and C6-7 with no complicating features, small posterior disc protrusion C3-C4 which appeared stable, no central spinal stenosis and no cord compression, and no significant neuroforaminal narrowing. [Plaintiff] was diagnosed with cervical herniated disc, cervical radiculopathy, low back pain, and spinal stenosis at L4-L5 level. [Plaintiff] was treated with medications including Diclofenac, Gabapentin, Oxycodone, and Tizanidine.

[*Id.* (citing [Exhibits 5F, 6F, 11F, & 14F])]. Later in the decision, the ALJ narrated Dr. Arnette's findings as to Plaintiff's mental condition:

> [Dr. Arnette] noted that [Plaintiff] was alert and in no acute distress. [Dr. Arnette] diagnosed depression and anxiety and treated [Plaintiff] with medications including Alprazolam, Fluoxetine, Myrbetriq, and Quetiapine. [Dr. Arnette] indicated that [Plaintiff] had increased symptoms at times, but noted that [Plaintiff] was having situational stressors. In July 2019, [Dr. Arnette] reported that [Plaintiff's] mood overall was stable. [Dr. Arnette] noted that

9

> [Plaintiff] had been doing much better with getting out of the relationship and had been doing well mentally. In October 2019, [Dr. Arnette] reported that [Plaintiff's] mood had been stable and that [Plaintiff] had been doing well since separated from husband. In April 2020, [Dr. Arnette] noted that [Plaintiff's] mood had been stable.

[Tr. 25–26 (citing Exhibits 5F, 11F, & 14F)].

Beyond Dr. Arnette's findings as to Plaintiff's physical and mental condition, the ALJ specifically addressed notes dated January 25, April 18, and October 8, 2019, and January 14 and April 13, 2020, in which Dr. Arnette indicated Plaintiff was unable to work or maintain gainful employment [Tr. 29 (citing Exhibits 11F & 14F)]. The ALJ considered these statements and found them unpersuasive because they did not qualify as "opinions" [*Id.*]. The Commissioner argues the ALJ properly determined these statements did not qualify as opinions under the SSA's regulations. The Court finds the ALJ and the Commissioner have correctly framed these statements as not falling under the SSA's definition of "opinion" evidence.

Dr. Arnette's statements speak to issues specifically reserved to the Commissioner, meaning the ALJ was not required to articulate how he may have considered them. Specifically, these statements fall under a category of evidence that the SSA's regulations specifically deemed to be "inherently neither valuable nor persuasive to the issue of whether [a claimant is disabled]" and thus require no analysis about how such evidence is considered in the disability determination. 20 C.F.R. § 404.1520b(c). Statements like these—including that a claimant is not disabled, blind, able to work, or able to perform regular or continuing work, § 404.1520b(c)(3)(i)—address issues specifically reserved to the Commissioner. Thus, the ALJ was not required to analyze Dr. Arnette's statements to the extent they articulated his belief that Plaintiff was disabled or incapable of maintaining gainful employment.

10

Despite not being required to do so, the ALJ still considered these statements together with the aspects of Dr. Arnette's findings that would otherwise qualify as an opinion and found them to be unpersuasive, as they were not supported by the evidence of record [Tr. 29–30]. In faulting the supportability of Dr. Arnette's statements and findings, the ALJ noted the evidence of record showed only "minimal findings on examinations and MRI" and demonstrated that Plaintiff had been maintained on medications during the relevant period [Tr. 30]. The ALJ also considered that Plaintiff had neither sought nor required referral or treatment from any specialists, such as an orthopedist or neurosurgeon, during the relevant period. The ALJ found many of Dr. Arnette's findings as to Plaintiff's physical limitations seemed to be heavily based on Plaintiff's subjective complaints and to be unsupported by Dr. Arnette's own treatment records or with the other evidence of record.

It is appropriate for an ALJ to discredit an opinion that relies heavily on a plaintiff's subjective complaints in light of the overall record. *See Johnson v. Astrue*, No. 1:09 CV 2959, 2010 WL 5559542, at *9 (N.D. Ohio Dec. 3, 2010), *report and recommendation adopted*, 2010 WL 5478604 (N.D. Ohio Dec. 30, 2010) (noting that discrediting an opinion heavily influenced by subjective complaints is not contrary to Social Security regulations or Sixth Circuit case law); *Young v. Sec'y of Health & Hum. Servs.,* 925 F.2d 146, 151 (6th Cir.1990) (finding an ALJ's rejection of opinion proper because the opinion was based on claimant's subjective complaint). Furthermore, despite Dr. Arnette's statements expressing his belief that Plaintiff was disabled and incapable of maintaining gainful employment, the evaluation of subjective complaints rests with the ALJ. *See Allen v. Comm'r of Soc. Sec.,* 561 F.3d 646, 652 (6th Cir. 2009) (citing *Siterlet v. Sec'y of Health & Hum. Servs.,* 823 F.2d 918, 920 (6th Cir. 1987)).

The Court has reviewed the ALJ's decision and finds he appropriately evaluated Dr. Arnette's opinion, and his final determination as to how persuasive he found the opinion is supported by substantial evidence. In particular, the ALJ conducted a thorough review of Dr. Arnette's findings as to Plaintiff's physical and mental conditions, and he even considered Dr. Arnette's statements concerning whether Plaintiff was disabled, though he was not required to do so. As the Commissioner argues, the ALJ's evaluation of Dr. Arnette's opinion was well supported, and the ALJ's articulation of the consistency and supportability factors was sufficient. For example, the ALJ found Dr. Arnette's opinion was unsupported by his own treatment records, and he also found the treatment records to be inconsistent with and unsupported by the other medical evidence [Tr. 30]. As well, the ALJ's decision to discredit Dr. Arnette's opinion for relying too heavily on Plaintiff's subjective complains is reasonable and appropriate in this case.

While the record may contain evidence of more severe limitations—even within Dr. Arnette's own opinion—and although Plaintiff would interpret the evidence differently, the Court finds the ALJ's determination was within his "zone of choice." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (holding that "[t]he substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way" and that, as long as substantial evidence supports the ALJ's finding, the fact that the record contains evidence which could support an opposite conclusion is irrelevant (quotations omitted)); *see also Huizar v. Astrue*, No. 3:07-cv-411, 2008 WL 4499995, at *3 (W.D. Ky. Sept. 29, 2008) ("While plaintiff understandably argues for a different interpretation of the evidence from that chosen by the ALJ, the issue is not whether substantial evidence could support a contrary finding, but simply whether substantial evidence supports the ALJ's findings."). Substantial evidence of an alternative conclusion in the record is not sufficient to reverse an ALJ's decision. *Buxton v. Halter*, 246 F.3d

12

762, 772 (6th Cir. 2001). The ALJ appropriately evaluated the required § 404.1520c factors and provided ample support for his analysis, and substantial evidence exists to support the ALJ's decision. Remand is not warranted on this basis.

### B. Dr. Grant's Opinion

Plaintiff contends the ALJ improperly evaluated Dr. Grant's examining source opinion. Plaintiff appears to take issue with the ALJ finding Dr. Grant's opinion persuasive yet excluding a moderate impairment in social relating from the RFC. Plaintiff argues that Dr. Grant's opinion as to Plaintiff's social relating capabilities would be equivalent to a "fair" or a greater than slight level of limitation, and such a level of limitation is inconsistent with the ALJ's finding that Plaintiff is capable of having frequent contact with coworkers and supervisors.

As he did with Dr. Arnette's findings, the ALJ provided an extensive narrative detailing Dr. Grant's findings [*See* Tr. 26–27 (citing Exhibit 7)]. The ALJ found Dr. Grant's "opinion persuasive, as it is supported by medically acceptable clinical findings and is consistent with the other evidence of record . . . this opinion is consistent with the claimant's benign clinical presentations, conservative treatment, and objective findings" [Tr. 29].

At the outset, "there is no requirement that, once finding an opinion persuasive, the ALJ must adopt the whole opinion." *Hogan v. Comm'r of Soc. Sec.*, No. 1:20-cv-01311, 2021 WL 4477786, at *4 (N.D. Ohio Sept. 30, 2021) (continuing, "the key seems to be that the ALJ 'explain' how the factors constituting persuasiveness were considered.") (citing *Daniels v. Comm'r of Soc. Sec.*, No. 3:19-cv-02946, 2020 WL 6913490, at *10 (N.D. Ohio Nov. 24, 2020)). As noted by the Northern District of Ohio:

> the new standard of "persuasiveness" is not directly equivalent to
> the old treating physician standard that was founded on the concept
> that the medical opinion of a treating source would be "controlling,"

13

> unless rebutted by good reasons. The new regulation specifically abolished the concept of "controlling weight" and required only that the ALJ "explain" how the factors [i.e., consistency and supportability] undergirding a finding of "persuasive" were considered.

*Hogan*, 2021 WL 4477786, at *4. Thus, so long as the ALJ sufficiently articulates how the § 404.1520c factors of supportability and consistency were considered, it is appropriate for the ALJ to find a medical opinion generally persuasive and to adopt the limitations opined therein in either in whole or in part. Furthermore, finding an opinion to be generally persuasive does not require the ALJ adopt the opinion in its entirety. *See id.*

In any case, the ALJ arguably accounted for Plaintiff's alleged "moderate" impairment in social relating, as he limited Plaintiff to *no* interaction with the public. While the evidence may support a finding that Plaintiff should have been deemed more limited, specifically as to her capacity to interact with coworkers, the ALJ is still ultimately responsible for analyzing the evidence of record and formulating Plaintiff's RFC. Again, the Court finds the ALJ was well within his "zone of choice" in this instance. *See Blakley*, 581 F.3d at 407.

The Court finds the ALJ appropriately evaluated Dr. Grant's opinion and articulated how he considered the supportability and consistency factors [Tr. 29]. To that end, the ALJ's analysis and his finding Dr. Grant's opinion persuasive is supported by substantial evidence. As an example, the ALJ considered that Plaintiff had some reported difficulty in getting along with others [*See* Tr. 244 & 466]. However, the ALJ also found that some of the medical findings were inconsistent with Plaintiff's allegations regarding the severity of any mental limitations. Plaintiff denied experiencing anxiety at multiple instances [Tr. 405, 416, 521], presented a "pleasant affect" on examination by another doctor [Tr. 472], displayed appropriate behavior and mannerisms [Tr. 499], and, as noted by the ALJ, it appears that many of Plaintiff's psychological complaints arose

from situational stressors and not from Plaintiff's underlying conditions [Tr. 466, 499–506]. Plaintiff was also noted at a January 14, 2020, examination with Dr. Arnette to be "doing much better [since] getting out of her prior relationship" and that she was "doing well mentally" [Tr. 544]. Despite the conflicting evidence, the ALJ still limited Plaintiff to no interaction with the public and frequent—as opposed to constant—interaction with coworkers, and the Court finds that substantial evidence supports that determination. Remand is not warranted here.

### C. Dr. Sachs's Prior Administrative Medical Findings

Plaintiff asserts the ALJ failed to properly consider Dr. Sachs's prior administrative findings. Plaintiff states Dr. Sachs reviewed Plaintiff's history and stated, "[Plaintiff] can adapt to gradual or infrequent changes" [Doc. 19 at 16 (citing [Tr. 75])]. Plaintiff argues the ALJ failed to address why these limitations were not included in the RFC findings despite finding Dr. Sachs's opinion to be persuasive.

The ALJ stated Dr. Sachs indicated Plaintiff had no understanding and memory limitations [Tr. 29 (citing [Exhibit 1A])]. Dr. Sachs noted Plaintiff had no sustained concentration and persistence limitations; could interact infrequently with the general public and meet the basic social demands of a work setting; and could adapt to gradual or infrequent changes [*Id.*]. The ALJ stated he considered Dr. Sachs's opinion and found it "somewhat persuasive as it is consistent with the evidence of record. However, after a review of the documentary evidence, including additional evidence received after his review, the undersigned finds that the claimant is *further* limited to the above residual functional capacity" [*Id.* (emphasis added)].

Plaintiff asserts the ALJ provided no explanation as to why Dr. Sachs's adaptation limits were not incorporated. This position is not reflective of the ALJ's decision. And again, the ALJ is not required to adopt an opinion found to be persuasive. *See Hogan*, 2021 WL 4477786, at *4.

15

In any case, the ALJ incorporated the aspects of Dr. Sachs's opinion he found to be persuasive into the RFC finding. However, the ALJ determined Plaintiff was even *more* limited than what was opined by Dr. Sachs's based on the ALJ's review of the evidence of record, including new evidence to which Dr. Sachs was not privy.

It is apparent the ALJ found the consistency and supportability factors of Dr. Sachs's opinion to be mixed. This led to the ALJ's finding Dr. Sachs's opinion to be partially persuasive as opposed to fully persuasive or unpersuasive. The Court finds the ALJ's analysis here is reasonable and supported by substantial evidence. In his decision, the ALJ relates that he considered Dr. Sachs's opinion in relation to the evidence of record and found it to be relatively consistent, yet evidently the ALJ found other aspects of the record and the new evidence did not entirely support Dr. Sachs's opinion. As such, the Plaintiff's argument that the ALJ failed to properly evaluate Dr. Sachs's prior administrative medical findings—and even failed to offer any explanation as to this part of the analysis—is without merit. Thus, the Court finds a remand of this case is unnecessary.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment [**Doc. 18**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 22**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

Debra C. Poplin
United States Magistrate Judge